UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

PHILLIP KNIGHT #118589                                          CIVIL ACTION

VERSUS                                                          NO. 08-5103

STATE OF LOUISIANA                                              SECTION "A" (6)

## REPORT AND RECOMMENDATION

This matter was referred to the United States Magistrate Judge for the purpose of conducting hearings, including an evidentiary hearing, if necessary, and submission of proposed findings and recommendations for disposition pursuant to 28 U.S.C. § 636(b) (1)(B) and (C), and as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases. Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing. For the reasons set forth below, it is recommended that the instant petition be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court remedies.

In this action, PHILLIP KNIGHT seeks relief from his July 1, 2008 conviction of second degree murder, a violation of La. R.S. 14:30.1.[1] Knight is serving a life sentence and is currently incarcerated in the Hunt Correctional Center in St. Gabriel, Louisiana. He has been

---

[1] *State v. Phillip Knight*, Docket No.00-6148, Div. "A" 24th Judicial District Court, Parish of Jefferson, Louisiana. *See* State Rec. Vol. 2, Jury Verdict Form and Minute Entries dated 7/1/08 and 7/28/08.

assigned an attorney with the Louisiana Appellate Project to handle his direct appeal,[2] and, according to the State's response, the Clerk of the 24th Judicial District Court is presently preparing the appellate record in petitioner's case for submission to the Louisiana Fifth Circuit Court of Appeal.[3]

Knight filed the instant federal habeas application on November 7, 2008. In this court, Knight has filed a petition and memorandum that is difficult to decipher to determine the claims being raised. The State has provided the court with the following reasonable attempt to identify the issues: "Petitioner appears to contend that he was not arraigned or tried in a timely fashion, that evidence was introduced during the trial of this matter that was not relevant to the offense, that the District Attorney and one of his assistants conspired with regard to petitioner's prior criminal record to 'destroy' his background, and that he had a 'conflict of interest' with a witness who testified against him during the trial in this matter. He also complains that the Assistant District Attorney was also allowed to select the jury, and of the trial court's ruling on his motion to view the crime scene. Finally, the petitioner appears to contend that he is being denied transcripts of proceedings in this matter."[4]

The State has additionally asserted in its response that the petitioner's federal habeas action should be denied without prejudice for failure to exhaust state court remedies. For the following reasons, this court agrees with the State.

---

[2] See State Rec. Vol. 2, August 15, 2008 letter from the Louisiana Appellate Project.

[3] See Rec Doc. 9, response at p. 4.

[4] See Rec. Doc. 9, response at p. 5.

## EXHAUSTION

Federal law is clear that a state prisoner must exhaust available state court remedies as to each ground upon which he claims entitlement to habeas corpus relief.  28 U.S.C. § 2254(b)(1); *Rose v. Lundy*, 455 U.S. 509, 102 S. Ct. 1198 (1982); *Preiser v. Rodriguez*, 411 U.S. 475, 93 S. Ct. 1827 (1973); *Serio v. Members of the Louisiana Board of Pardons*, 821 F. 2d 1112, 1117 (5th Cir. 1987). A total exhaustion rule promotes comity and such a rule does not unreasonably impair a prisoner's right to relief.  *Rose*, 455 U.S. at 522, 102 S. Ct. at 1205. Generally, the exhaustion requirement is satisfied only when the grounds urged in a federal petition were previously presented to the state's highest court in a procedurally proper manner.  *Dupuy v. Butler*, 837 F.2d 699, 702 (5th Cir. 1988). See also, *Anderson v. Johnson*, 338 F.3d 382 (5th Cir. 2003), citing *Nobles v. Johnson*, 127 F.3d 409, 420 (5th Cir.1997),  *Picard v. Connor,* 404 U.S. 270, 275-76, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971) (To satisfy the exhaustion requirement, "a habeas petitioner must have fairly presented the substance of his claim to the state courts.")

The Court's independent research via a Westlaw search fails to reveal any filings to the Louisiana Supreme Court by Phillip Knight relative to his July 1, 2008 conviction. Additionally, a staff member of the undersigned Magistrate Judge contacted the Deputy Clerk of the Louisiana Supreme Court and was informed that no writ application relative to petitioner's 2008 conviction was ever filed with that court.[5] Moreover, the State has provided the court with a verification letter

---

[5]Since it is clear on the face of petitioner's habeas application as well as from the court's independent research that Wilson has not exhausted his state court remedies, the court did not issue a briefing order to the State of Louisiana requesting either the certified state court record or a written

stating that Phillip Knight has not filed any writ applications in the Louisiana Supreme Court relative to 24th Judicial District Court number 00-6148.[6] Without a ruling from the Louisiana Supreme Court, petitioner's habeas corpus petition is subject to dismissal without prejudice since he has presented this court with unexhausted claims.

Knight has also filed a January 27, 2009 request by letter that appears to ask that the habeas application be held in abeyance and/or be "cancelled".[7] To the extent Knight may be requesting a stay of the action, the request should be denied. Knight has not yet had the opportunity to appeal his 2008 conviction, thus his conviction is not yet final. The federal one year limitation period set forth under 28 U.S.C. §2244(d)(1) does not begin to run until a state prisoner's judgment of conviction is final. Since there is no statute of limitations concern at this juncture, and the court is aware of no other extraordinary circumstance to warrant holding the petition in abeyance, there is no need to stay this action.[8]

---

response. *See* Rule 4, Rules Governing Section 2254 Cases.

[6] See State Rec. Vol. 3.

[7] See Rec. Doc. 10.

[8] See *Rhines v. Weber*, 125 S.Ct. 1528 (2005) and *Pace v. DiGuglielmo*, 125 S.Ct. 1807, 1813-14 (2005) for a discussion of when a stay of a federal habeas may be appropriate.

## RECOMMENDATION

Based upon the foregoing, **IT IS HEREBY RECOMMENDED** that the petition of Phillip Knight for issuance of a writ of habeas corpus under 28 U.S.C. § 2254 be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court remedies.

**IT IS FURTHER RECOMMENDED** that Rec. Doc. 10, insofar as it moves the court for a stay of this action, be denied.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this 6th of February, 2009.

LOUIS MOORE, JR.
UNITED STATES MAGISTRATE JUDGE